McFarland, J.,
delivered the opinion of the Court.
This bill was filed by the personal representative and the heirs of Geo. L. Holms, to enforce their lien for unpaid purchase money upon a tract of land which they charge was sold by the said George L. Holms to the defendant Johnston.
The following is the written evidence of the sale exhibited with the bill:—
“ Kec’d, Memphis, January 10, 1867, of C. W. Johnston, five hundred dollars,, the same to be credited on an intended purchase from me of west half of lot 15 on ray sub-division, which I hereby agree to sell *157 him at $200 per acre, cash; sale to be consummated ■within the next five months or this agreement to be void. Geo. L. Holms.”
Hothing further was done in the matter within the next five months, or in fact at any time. After Holms’s death his heirs, the complainants, proposed to convey the land upon the payment of the balance of the purchase money. This was refused by the defendant, who demanded a return of the $500. Thereupon, this bill and cross-bill were filed, the bill praying to have the land sold to pay the balance due upon the purchase, the cross-bill praying to have the $500 refunded.
The question argued in the briefs submitted, is as to the construction of the foregoing writing.
For the defendant, it is insisted that, by the express terms of the writing the sale became void upon the-expiration of five months, without anything further-being done.
For the complainants, it was urged that this proviso was for the benefit of the vendor, and that the purchaser could not by his own act, in refusing to pay the balance of the purchase money at the time-agreed upon, be released' from his purchase.
The cases of Lane v. Manning, 8 Yer., 435, and Caruthers v. MeBurney, 3 Sneed, 590, are relied upon for this latter proposition. We understand these cases-to decide, that where an executory agreement is made to sell land, evidenced by title bond or other sufficient writing, a stipulation in the bond or writing, executed by the vendor, that the contract is to be void if the *158 deferred payments are not made at the time agreed upon, does not enable the purchaser to relieve himself from his purchase by failing to pay at the time agreed upon.
This we think unquestionably sound in principle. Otherwise, as remarked by Judge Caruthers, the vendor would be bound by his agreement to convey, but the purchaser would be left to his option, to carry out or abandon the purchase, just as his interest might afterward dictate.
But the question is, Does the present case fall within this rule ?
In the first place, was there ever an agreement for the sale and purchase of this land? The writing is wholly insufficient under the statute of frauds to evidence the contract. There is no adequate description of the land. The words, “West half of lot 15 of my sub-division,” without even showing in what State or county the sub-division is situated, are wholly insufficient.
To remedy this, the complainants filed an amended bill, in which they described the land. The defendant answered without formally pleading the statute of frauds, and there is in the record an agreement signed by counsel, “ that the land mentioned is sufficiently described, or capable of sufficient identification; and the question to be decided by the court is upon the construction of the contract, Exhibit A to the original bill.”
It is difficult to see what this admission was intended for. Whether the land is sufficiently described *159 in Exhibit A, under the statute of frauds, is not a question of fact, but a question of law; and the admission of counsel cannot change our opinion upon a point we regard so clear as this. We repeat, therefore, notwithstanding this admission, that Exhibit A is not sufficient evidence of an agreement to sell land, to satisfy the requirements of the statute of frauds. This agreement, therefore, does not establish the contract of sale.
But it is argued that the answers admit the contract without setting up the statute of frauds.
We do not so understand them. It is true that the answer to the original bill admits the purchase, in general terms;, but when the answer to the original bill and amended bill are taken together, they are not to be so understood.
The defendant in these answers insists that he did not contract to purchase the land. He admits the execution of Exhibit A, and the payment of the $>500, but insists that the true construction of Exhibit A is, that it was only intended to evidence the payment by him of the $500 upon a proposition to purchase the land, but that the contract was not regarded as complete or binding upon either party, but the proposition was to be accepted, and the contract completed, within the .next five months, or to be then abandoned; and nothing further having been done within that time, he claims, as a consequence, that his $500 should then have been restored to him. This, the answers and cross-bill insist, is the true construction of Exhibit A, and was in reality the agreement.
Note. As to sufficiency of description, see Shied v. Stamps, 2 Sneed, 172; Wright v. Gobi, 5 Sneed, 143; Johnson v. Kellogg, 7 Heis, 262.
Parol proof cannot be allowed, to supplement any deficiencies in the writing, as this would let in the evils the statute was meant to remedy, jBlair v. Snodgrass, 1 Sneed, 1; Wright v. Gobi, 5 Sneed, 143.
Where the writing is insufficient, the sale is void, and the money paid recoverable. Shied v. Stamps, 2 Sneed, 172.
Money paid on a void sale of land is regarded as a mere deposit for the use of the party who paid it. Grippen v. Bearden, 5 Hum., 129.
Beporteb.
This is corroborated by the language of Exhibit A: “ Rec’d $500, etc., to be credited on an intended purchase, etc., which I agree to sell .him, etc, sale to be consummated within the next five months, etc.”
This consummation might have been, by paying the balance of the purchase and taking a deed, or by making a formal and complete executory contract.
If there had been an absolute agreement to sell, binding on the bargainor, then the stipulation that the sale was to be void unless the deferred payments were promptly paid, would not, as we have seen, release the purchaser. But in this case, the contract for the sale and purchase of the land is not established. The written contract does not establish it, for two reasons: first, because it is not sufficient under the statute of frauds; and second, because the answers, when taken as a whole, do not admit it.
We must take it, therefore, that there was no contract of sale finally agreed upon by the parties.
The result is, that the defendant Johnston, upon his cross-bill, is entitled to have his $500 refunded, with interest from the time it was demanded.
The decree will be reversed, and a decree entered here accordingly. The costs will be divided.